## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

I.A., E.B., L.C., M.X., L.A., A.L.G., A.G., N.B., and Tahirih Justice Center,

*Plaintiffs,*

v.

WILLIAM BARR, in his official capacity as Acting Attorney General of the United States, et al.,

*Defendants.*

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case: 1:19−cv−02530
Assigned To : Kelly, Timothy J.
Assign. Date : 8/21/2019
Description: GEN CIV (E−DECK)

### PLAINTIFFS UNOPPOSED[1] MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYMS AND TO FILE SUPPORTING EXHIBITS UNDER SEAL

Plaintiffs are asylum applicants who have suffered extensive past persecution and fear continued persecution in their countries of origin. Because of the "sensitive and highly personal" nature of their cases, they seek leave to proceed under the pseudonyms L.A., E.B., A.L.G., A.G., L.C., M.X., N.B, and I.A. *Nat'l Ass'n of Waterfront Emp'rs v. Chao*, 587 F. Supp. 2d 90, 99 (D.D.C. 2008). Plaintiffs ask this Court to grant them leave to proceed under a pseudonym for the following reasons: (1) The complaint filed contemporaneously with this motion and subsequent pleadings will contain sensitive, personal information, including details of trauma they suffered; (2) Plaintiffs are concerned that, were they to be returned to their home countries, they could be the victims of retributive violence; (3) Plaintiffs fear that their family members in their home countries would be at risk of harm and violence if the details of

---

[1] Pursuant to Local Civil Rule 7(m), Plaintiffs' counsel conferred with Defendants' counsel, who indicated that Defendants do not oppose the relief requested in this motion.

RECEIVED

AUG 1 9 2019

Clerk, U.S. District and
Bankruptcy Courts

Plaintiffs' immigration to the United States were to become public; and (4) Plaintiffs M.X., A.G., and N.B. are minors, and Rule 5.2(a) of the Federal Rules of Civil Procedure provides that their identities shall be protected through the use of initials.  For these reasons, Plaintiffs respectfully request leave to proceed pseudonymously.

Plaintiffs also respectfully move this Court for leave to file under seal Plaintiffs' declarations in support of this motion, Exhibits 1-6, which contain their full names and sensitive, personal information about their asylum claims.

## I.    The Use of Pseudonyms Is Justified Here.

While the general rule is that complaints state the names of the parties, *see* Fed. R. Civ. P. 10(1), a court has the discretion to allow a plaintiff to proceed anonymously. *See United States v. Microsoft Corp.*, 56 F.3d 1448, 1464 (D.C. Cir. 1995). Courts may permit the use of pseudonyms when "the impact of the plaintiff's anonymity" outweighs "the public interest in open proceedings and on fairness to the defendant." *Chao*, 587 F. Supp. 2d at 99; *see also Qualls v. Rumsfeld*, 228 F.R.D. 8, 10 (D.D.C. 2005).  Specifically, courts examine: (1) whether the plaintiff's request is intended "to preserve privacy in a matter of a sensitive and highly personal nature"; 2) whether the plaintiff has a reasonable expectation of "physical or mental harm"; (3) whether the plaintiff is a minor; (4) whether the defendant is the government; and (5) the type of prejudice the defendant might experience if the plaintiff proceeds anonymously. *Chao*, 587 F. Supp. 2d at 99; *see also United States v. Hubbard*, 650 F.2d 293, 317–21 (D.C. Cir. 1980) (setting forth a balancing test that considers, inter alia, "the strength of the . . . property and privacy interests" involved with the "possibility of prejudice" to those opposing disclosure).

Plaintiffs are asylum applicants who face a significant risk of persecution—including possible physical harm or death—if their identities are publicly revealed through this lawsuit.

Three of the Plaintiffs are minors. Each of the Defendants is a government agency or official sued in his or her official capacity, and Defendants will experience no prejudice from allowing Plaintiffs to proceed pseudonymously. In light of the extreme sensitivities of Plaintiffs' case and the potential danger posed to Plaintiffs and their families, the public interest does not require the use of their full names.  In short, the relevant factors in this case weigh heavily in favor of allowing plaintiffs to proceed under pseudonyms. *See Chao*, 587 F. Supp. 2d at 99.

### A. Plaintiffs' claims are sensitive and highly personal and public disclosure could result in physical or mental harm to Plaintiffs and their families.

Plaintiffs seek to proceed under pseudonyms to protect their privacy and safety, as well as the safety of family members who remain in their countries of origin. While the public typically has an interest in "knowing the facts surrounding judicial proceedings," this case is one in which anonymity is necessary "to preserve privacy in a matter of a sensitive and highly personal nature" and to protect the petitioners from possible future harm. *Doe v. Von Eschenbach*, 2007 WL 1848013, at *1–2 (D.D.C. June 27, 2007).

Each of Plaintiffs' asylum claims is highly sensitive and personal:

- Plaintiff I.A. is a twenty-five-year-old man from Pakistan. I.A. grew up as a practicing Sunni Muslim, but converted to Shia Islam a few years ago. After he converted, Sunni extremists called him a traitor, threatened him, and beat him. On two separate occasions, I.A. was attacked so severely that he required hospitalization. Sunni members of I.A.'s family have also begun threatening his life and safety.  He fled Pakistan because of this religious persecution.

- Plaintiff E.B. is a twenty-year-old from Guatemala.  E.B. fled Guatemala for two overlapping reasons.  First, E.B. is an effeminate gay man who is in the process of coming to terms with his gender identity and expression.  He is afraid to live openly in his country because of violence toward LGBT people.  Second, he experienced significant physical and sexual abuse from his

stepfather, who is a leader of the Mara Salvatrucha (MS) gang.  E.B. tried to escape the physical and sexual abuse, including by filing a report with the police, but the government refused to intervene.

- Plaintiff L.C. is a woman from Guatemala who fled to the United States to escape egregious domestic violence by her husband that included verbal abuse and physical and sexual violence. On at least one occasion, this violence was so severe that L.C. had to be hospitalized.  L.C. went to the government to seek a restraining order against her husband.  Although officials agreed to issue a temporary order, they repeatedly refused to enforce it, including when L.C.'s husband threatened her life and kidnapped their son.

- Plaintiff M.X. is the minor son of Plaintiff L.C. He traveled to the United States with his mother and seeks to be included on her application for asylum.

- Plaintiff L.A. is an English-speaking woman from Cameroon who came to the United States to seek asylum after she was arrested, detained, raped, and beaten for her participation in the Anglophone independence movement in Cameroon.

  - Plaintiff A.L.G. is a woman from Honduras who traveled to the United States with A.G., her minor daughter.  A.L.G. fears persecution based on her identity as a lesbian.  Her family and community have rejected her for her sexual orientation and have tried to forcibly "reform" her.  A.L.G. fears expressing her sexual orientation openly in Honduras.

  - A.G. is the minor child of Plaintiff A.L.G.  She traveled to the United States with her mother and seeks to be included on A.L.G.'s application for asylum.

  - N.B. is a fifteen-year-old boy from Cameroon who fled Cameroon because he experienced persecution as an Anglophone Cameroonian.  N.B. was beaten and detained by Cameroonian

military officials who incorrectly believed he was part of the English-speaking separatist

movement.  He also faced forced recruitment by the separatist movement.

These facts could expose Plaintiffs to further danger and risk of violent harm if their

identities were disclosed publicly.  They fled their countries of origin because they were

persecuted and/or feared persecution if they remained. As asylum seekers fleeing danger, they

fall within a particularly vulnerable class of migrants for whom confidentiality about the nature

and existence of their claims is particularly important, as their "identification [could] create[] a

risk of retaliatory physical or mental harm." *Qualls*, 228 F.R.D. at 10-11 (internal quotation

marks and citation omitted); *see also* U.N. High Comm'r for Refugees, *Advisory opinion on the*

*rules of confidentiality regarding asylum information* ("UNHCR Advisory Opinion") (Mar. 31,

2005) at 2-3, http://www.refworld.org/docid/42b9190e4.html ("[P]rivacy and its confidentiality

requirements are especially important for an asylum-seeker, whose claim inherently supposes a

fear of persecution by the authorities of the country of origin and whose situation can be

jeopardized if protection of information is not ensured."). Indeed, if Plaintiffs' persecutors

learned of their asylum claims, the present lawsuit, or the circumstances of Plaintiffs'

immigration to the United States, it could leave them in significant danger if they were removed

to their home countries.

The federal immigration regulations reflect this concern for the sensitivity of asylum

applications and the attendant need for confidentiality.  Asylum regulations provide for the

confidentiality of asylum applicants and credible fear interviewees, including the fact that an

applicant has applied for asylum or received a credible fear interview. *See* 8 C.F.R. §§ 208.6,

1208.6.  The Department of Homeland Security has acknowledged the importance of these

regulations to the future safety of asylum applicants. *See Anim v. Mukasey*, 535 F.3d 243, 253

(4th Cir. 2008) ("As DHS recognizes, the confidentiality regulations are of utmost importance in

protecting asylum applicants because the 'regulations safeguard information that, if disclosed publicly, could subject the claimant to retaliatory measures by government authorities or non-state actors in the event that the claimant is repatriated, or endanger the security of the claimant's family members who may still be residing in the country of origin.'") (quoting U.S. Citizenship & Immig. Serv. Asylum Div., U.S. Dep't of Homeland Sec., *Fact Sheet: Fed. Regulations Protecting the Confidentiality of Asylum Applicants* (2005)).  For the same reasons, when the Board of Immigration Appeals issues published asylum-related decisions, it routinely uses only the initials of the applicant. *See, e.g., Matter of M-H-Z-*, 26 I. & N. Dec. 757 (B.I.A. 2016).

In recognition of the powerful interest that asylum seekers possess in maintaining their confidentiality, numerous courts have allowed them to proceed with pseudonyms or initials. *See, e.g.*, *O.A. v. Trump*, No. CV 18-2718 (RDM), 2019 WL 3536334 (D.D.C. Aug. 2, 2019), ECF No. 3 (same); *R.I.L-R*, 80 F. Supp. 3d at 172; *N.L.A. v. Holder*, 744 F.3d 425, 428 n.1 (7th Cir. 2014); *Doe v. Holder*, 736 F.3d 871, 872 n.1 (9th Cir. 2013); *Doe v. Holder*, 651 F.3d 824, 826 (8th Cir. 2011); *Al Otro Lado, Inc. v. Nielsen*, 2017 WL 6541446, at *8 (S.D. Cal. Dec. 20, 2017); *M.M.M. v. Sessions*, No. 18-1759-BAH (D.D.C. July 27, 2018), ECF No. 2 (same); *M.G.U. v. DHS*, No. 18-cv-1458-BAH (D.D.C. June 21, 2018), ECF No. 7 (same); *A.B.T. v. USCIS*, 2012 WL 2995064, at *6 (W.D. Wash. July 20, 2012) (same); *Ms. L. v. ICE*, No. 18-428 (S.D. Cal. Mar. 6, 2018), ECF No. 26 (same).

### B. Anonymity is required for Plaintiffs M.X., A.G., and N.B. who are minors.

The federal rules require that Plaintiffs M.X., A.G., and N.B. proceed pseudonymously because they are minors. See Fed. R. Civ. P. 5.2(a).

**C. Defendants are government officials who will not be prejudiced, and the public interest will be served.**

Allowing Plaintiffs to proceed pseudonymously is especially appropriate where, as here, defendants are government officials sued in their official capacity. *See, e.g., Yacovelli v. Moeser*, 2004 WL 1144183, at \*8 (M.D.N.C. May 20, 2004) ("When a plaintiff challenges the government or government activity, courts are more like to permit plaintiffs to proceed under a pseudonym than if an individual has been accused publicly of wrongdoing.").

Moreover, Defendants will suffer no prejudice should Plaintiffs be allowed to proceed under pseudonym. Because Defendants know Plaintiffs' true identities, allowing Plaintiffs to proceed pseudonymously would pose no "risk of unfairness to the opposing party." *Chao*, 587 F. Supp. 2d at 99; *see also Al Otro Lado*, 2017 WL 6541446, at \*6 (finding no prejudice to government defendants who "know the Individual Plaintiffs' names" and "have the information they need to defend against the claims"). Additionally, any public interest in disclosing Plaintiffs' identities is greatly outweighed by the significant risk of harm that such disclosure would pose to Plaintiffs.  Finally, forcing Plaintiffs to publicly expose their identities, including to their persecutors, in order to pursue litigation "creates an unnecessary risk of chilling the willingness of asylum seekers from litigating important issues like the ones raised in this case." *Al Otro Lado*, 2017 WL 6541446, at \*7. Thus, permitting Plaintiffs to use pseudonyms "will serve the public's interest in this lawsuit by enabling it to go forward." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1073 (9th Cir. 2000).

**II.     Pseudonymous Plaintiffs Should Be Permitted To File Their Declarations Under Seal in Support of This Motion**

This Court and the D.C. Circuit have recognized that the general presumption in favor of public access to court filings "is not without its time-honored exceptions," including the need to protect the "privacy . . . of victims of crimes." *United States v. Hubbard*, 650 F.2d 293, 315

7

(D.C. Cir. 1980) (citing *Nixon v. Warner Communications*, 435 U.S. 589, 598 (1978)); *see also Hamen v. Islamic Republic of Iran*, No. CV 16-1394, 2018 WL 3459914, at \*2 (D.D.C. July 18, 2018) (granting leave for witness to testify under seal where witness alleged his safety would be put at risk if his testimony were made part of the public record, particularly since he had been detained one before). The D.C. Circuit has established a six-factor "*Hubbard* test" for assessing the need for privacy, requiring courts to weigh:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) (citing *Hubbard*, 620 F.2d at 317-22).

The relevant factors, like the closely related concerns governing the use of pseudonyms, weigh heavily in favor of allowing Plaintiffs to file their declarations in support of this motion under seal. In particular, this Court has recognized that where the moving party's "safety will be at risk" if the public is provided unrestricted access to court filings, the fourth *Hubbard* factor "weighs strongly in favor of sealing." *Hamen*, 2018 WL 3459914, at \*2. The high risk of physical harm or death faced by Plaintiffs (some of whom are children) demonstrates that their need for confidentiality outweighs the public's interest in knowing all of the sensitive details of their persecution. As asylum seekers fleeing danger, they fall within a particularly vulnerable class of migrants for whom confidentiality is particularly important — as the government itself has frequently recognized. *See supra* at Section I.

The second *Hubbard* factor, "the extent of previous public access" also weighs against disclosure because Plaintiffs have not previously filed federal court documents containing their

names or other sensitive details that they wish to conceal from the public record. *See Hamen v. Islamic Republic of Iran*, No. CV 16-1394 (RDM), 2018 WL 3459914, at *2 (D.D.C. July 18, 2018). The third *Hubbard* factor, "the fact that someone has objected to disclosure, and the identity of that person," also weighs against disclosure as Plaintiffs hereby vigorously object to filing unsealed declarations due to their fear for their safety and the safety of their loved ones. *Id.* The sixth *Hubbard* factor, the "purpose of the information," also weighs against disclosure because personal details concerning Plaintiffs are not "relevant . . . to the central claims of the litigation." *Id.* at *3 (quoting *United States v. Harris*, 204 F. Supp. 3d 310, 17-18 (D.D.C. 2016).

The countervailing interests in complete disclosure are minimal or nonexistent. The public's interest, if any, in knowing Plaintiffs' identities and the sensitive details of their persecution is negligible. To be sure, the issues that Plaintiffs raise in this lawsuit are important ones and may well be a matter of concern to the general public. Yet the public will be able to gain a comprehensive understanding of the basis of their claims for relief based on the complaint and other public filings in this case. Defendants will not face any prejudice if this Court provides leave for Plaintiffs to file their declarations in support of this motion under seal, as Defendants will have access to all of the information required to prepare their defense in this case.

## CONCLUSION

For the foregoing reasons, Plaintiffs should be permitted to proceed in this suit under their proposed pseudonyms and to file their declarations in support of this motion under seal.

Dated: August 19, 2019

Respectfully submitted,

Celso J. Perez (D.C. Bar No. 1034959)
Lee Gelernt**
Omar Jadwat**
Anand Balakrishnan**
American Civil Liberties Union Foundation,
Immigrants' Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2600

Katrina Eiland**
Cody Wofsy**
Julie Veroff**
American Civil Liberties Union Foundation
Immigrants' Rights Project
39 Drumm Street
San Francisco, CA 94111
(415) 343-0774

Arthur B. Spitzer (D.C. Bar No. 235960)
Scott Michelman (D.C. Bar No. 1006945)
American Civil Liberties Union Foundation of
the District of Columbia
915 15th Street, NW, 2nd floor
Washington, D.C. 20005
(202) 457-0800

Charles George Roth**
Keren Hart Zwick**
Gianna Borroto**
NATIONAL IMMIGRANT JUSTICE
CENTER
208 LaSalle Street, Suite 1300
Chicago, IL 60604
(312) 660-1370

*Attorneys for Plaintiffs*

***Pro hac vice application forthcoming*

## CERTIFICATE OF SERVICE

I hereby certify on August 19, 2019, that I will cause a copy of this motion, supporting exhibits (under seal) and proposed order to be served on the following, together with the summons and complaint:

WILLIAM BARR
Attorney General of the United States
950 Pennsylvania Avenue, NW
Washington, DC 20530;

U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue, NW
Washington, DC 20530

JAMES MCHENRY
Director of the Executive Office for Immigration Review
5107 Leesburg Pike
Falls Church, VA 22041;

EXECUTIVE OFFICE OF IMMIGRATION REVIEW
5107 Leesburg Pike
Falls Church, VA 22041;

KEVIN K. MCALEENAN
Acting Secretary of the Department of Homeland Security
245 Murray Lane, SW
Washington, DC 20528;

U.S. DEPARTMENT OF HOMELAND SECURITY
245 Murray Lane, SW
Washington, DC 20528;

KENNETH T. CUCCINELLI
Acting Director of U.S. Citizenship and Immigration Services
245 Murray Lane, SW
Washington, DC 20528;

U.S. CITIZENSHIP AND IMMIGRATION SERVICES
20 Massachusetts Ave NW,
Washington, DC 20529;

MARK MORGAN
Acting Commissioner of U.S. Customs and Border Protection
1300 Pennsylvania Ave, NW
Washington, DC 20229;

U.S. CUSTOMS AND BORDER PROTECTION
1300 Pennsylvania Ave, NW
Washington, DC 20229;

MATTHEW ALBENCE
Acting Director of Immigration and Customs Enforcement
500 12th Street, SW
Washington, DC 20536;

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT
500 12th Street, SW
Washington, DC 20536;

JESSIE K. LIU
U.S. Attorney for the District of Columbia
United States Attorney's Office
555 4th Street, NW
Washington, DC 20001.

s/Celso Perez
Celso Perez