
FILED
AUG 21 2019
Clerk, U.S. District and
Bankruptcy Courts

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

I.A. *et al.*,

    *Plaintiffs*,

v.

WILLIAM BARR *et al.*,

    *Defendants*.

Case: 1:19-cv-02530
Assigned To : Kelly, Timothy J.
Assign. Date : 8/21/2019
Description: GEN CIV (E-DECK)

## MEMORANDUM OPINION AND ORDER

Plaintiffs in this action are eight individuals and one organization seeking to challenge the interim final rule "Asylum Eligibility and Procedural Modifications," 84 Fed. Reg. 33,829, issued on July 16, 2019, by the Attorney General and the Acting Secretary of Homeland Security. The individual plaintiffs, each an asylum applicant or the minor child of an applicant currently in the United States, seek leave to proceed using pseudonyms and to file their proposed complaint accordingly. They further seek leave to file under seal the accompanying declarations in support of their motion for leave to proceed pseudonymously. Defendants do not oppose Plaintiffs' motion. For the reasons set forth below, the Court will grant it.

**I.**     **Background**

The individual plaintiffs are eight persons from five different countries seeking asylum in the United States. They are comprised of five adults and three minors, all of whom entered the United States at the southern border on or after July 16, 2019. Each individual adult plaintiff and the one unaccompanied minor plaintiff, in an accompanying declaration filed under seal, represents that he or she is fleeing threats of severe violence or death, and they all state that they would fear for their own safety and that of their families if their names were disclosed as a result of their participation in this lawsuit. Accordingly, Plaintiffs seek leave of Court for the

individual plaintiffs to proceed pseudonymously. And they further request that the individual plaintiffs' declarations describing in more detail the grounds for their request remain under seal. As already noted, Defendants do not oppose Plaintiffs' motion.

## II. Legal Standard

Generally, a complaint must state the names of the parties and the address of the plaintiff. *See* Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1); LCvR 11.1. The public's interest "in knowing the names of . . . litigants" is critical because "disclosing the parties' identities furthers openness of judicial proceedings." *Doe v. Pub. Citizen*, 749 F.3d 246, 273 (4th Cir. 2014); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) ("[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." (footnotes omitted)). The Federal Rules thus promote a "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings." *In re Sealed Case*, No. 17-1212, 2019 WL 3367999, at *3 (D.C. Cir. July 26, 2019) (internal citations omitted) (quoting *Wash. Legal Found. v. U.S. Sentencing Comm'n*, 89 F.3d 897, 899 (D.C. Cir. 1996)).

Nevertheless, courts have, in special circumstances, permitted a party to "proceed anonymously" when a court determines the need for "the plaintiff's anonymity" outweighs "the public interest in open proceedings" and considers the "fairness to the defendant." *Nat'l Ass'n of Waterfront Emp'rs v. Chao*, 587 F. Supp. 2d 90, 99 (D.D.C. 2008). The D.C. Circuit has instructed that "the appropriate way to determine whether a litigant may proceed anonymously is to balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure." *In re Sealed Case*, 2019 WL 3367999, at *3. When weighing those concerns, five factors, initially drawn from *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993), serve as

2

"guideposts from which a court ought to begin its analysis." *In re Sealed Case*, 2019 WL 3367999, at *4. These five factors are:

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature; [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties; [3] the ages of the persons whose privacy interests are sought to be protected; [4] whether the action is against a governmental or private party; and, relatedly, [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* (citing *James*, 6 F.3d at 238). And when the individual in question is a minor, Federal Rule of Civil Procedure 5.2(a) provides that any filing presumptively may only include the minor's initials. *See also* LCvR 5.4(f)(2) ("If the involvement of a minor child must be mentioned, only the initials of that child should be used.").

Ultimately, whether to grant the "rare dispensation" of anonymity is within the discretion of the district court, provided that the court "inquire into the circumstances of [the] particular case[]." *United States v. Microsoft Corp.*, 56 F.3d 1448, 1464 (D.C. Cir. 1995) (quoting *James*, 6 F.3d at 238). This is not "a wooden exercise of ticking . . . boxes," but rather a case-specific approach that should "take into account other factors relevant to the particular" circumstances. *In re Sealed Case*, 2019 WL 3367999, at *4 (quoting *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 190 (2d Cir. 2008)).

The D.C. Circuit has also instructed that, as a general matter, courts are to apply an analogous set of factors when determining whether court filings should be sealed from public view. *See United States v. Hubbard*, 650 F.2d 293, 317–22 (D.C. Cir. 1980). Those include: (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of

3

prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

**III. Analysis**

Upon consideration of Plaintiffs' motion and the supporting declarations, the Court finds that they have met their burden of showing that their privacy interests outweigh the public's presumptive and substantial interest in knowing the details of this litigation. Furthermore, the Court concludes that the declarations submitted in support of Plaintiffs' motion should remain under seal.

The individual plaintiffs maintain that the facts underlying their claims involve "highly sensitive and personal" information, such that their names should not be exposed to the public. Plaintiffs' Unopposed Motion for Leave to Proceed Under Pseudonyms and to File Supporting Exhibits Under Seal ("Pls.' Mot.") at 3. Furthermore, they explain that their identities are particularly sensitive because publicly disclosing their participation in this lawsuit could place them and their families at risk of future harm. *See id.* at 2–3.

As described in his declaration, Plaintiff I.A. fled his home country of Pakistan after he was physically assaulted, and he and his family were further threatened, due to his religious beliefs. He fears for both his own safety and that of his family, who live in Pakistan, if his identity is revealed. *See* Sealed Ex. 1.

Plaintiff E.B. describes fleeing his home country of Guatemala after being physically abused by his uncle due to his sexual orientation and physically and sexually abused by his stepfather. He worries in particular that his stepfather, whom E.B. identifies as a gang "leader," would locate him and harm him if his identity were revealed. *See* Sealed Ex. 2.

Plaintiff L.C. describes leaving her home country of Guatemala with her minor son, M.X., to escape physical and sexual abuse from her husband. She worries that she and her son,

4

as well as her family back in Guatemala, would be put at risk of harm if her husband learned of her whereabouts and participation in this lawsuit. *See* Sealed Ex. 3.

Plaintiff L.A. describes fleeing her home country of Cameroon after she was arrested, beaten, and raped for her support for the independence movement for English-speaking Cameroonians. She fears that she and her family in Cameroon would be at risk of harm if her identity were revealed. *See* Sealed Ex. 4.

Plaintiff A.L.G. describes fleeing her home country of Honduras with her minor daughter, A.G., out of fear of persecution due to her sexual orientation. She describes physical abuse at the hands of her family, and fears that she and her daughter would be put at risk of harm if her identity and her sexual orientation were made public. *See* Sealed Ex. 5.

Finally, Plaintiff N.B., a minor from Cameroon, describes fleeing his home country after he was beaten and detained by military officials due to their suspicion that he was a supporter of the English-speaking independence movement there. He also describes facing harassment and forced recruitment from members of that movement. He fears for his safety and that of his family, who still live in Cameroon, if his participation in this lawsuit is revealed. *See* Sealed Ex. 6.

These allegations are sensitive and highly personal in nature, and identifying the individuals making them could place them and their families at risk of further harm. The public's interest in judicial transparency, though substantial, is outweighed by the acute privacy interests and safety concerns implicated here. Moreover, Defendants do not oppose Plaintiffs' requests, and because the identities of the individual plaintiffs and the factual allegations underlying their claims for asylum are already known to the government in connection with their asylum applications and immigration proceedings, *see* Pls.' Mot. at 7, there is little risk of

prejudice to Defendants in allowing the individual plaintiffs to proceed pseudonymously. Finally, as the Court noted, the minor plaintiffs, M.X., A.G., and N.B., are to presumptively remain anonymous under the applicable federal and local rules in any event.

For similar reasons, the Court finds that the accompanying declarations should be filed under seal as well. Submitted for the purpose of supporting Plaintiffs' motion to proceed anonymously, they recount intimate details of each individual plaintiff's experience, including details of physical and sexual violence. Making the declarations publicly available could, as noted, subject the plaintiffs and their families to a risk of harm. The public's interest in accessing these declarations, which have never been accessible, does not outweigh those considerations. And importantly, Defendants have not objected to placing the declarations under seal. For these reasons, the Court concludes that, on balance, the applicable factors weigh in favor of allowing these declarations to be filed under seal.

## IV.   Conclusion and Order

For the foregoing reasons, it is hereby **ORDERED** that Plaintiffs' Unopposed Motion for Leave to Proceed Under Pseudonyms and to File Supporting Exhibits Under Seal is **GRANTED**. Plaintiffs I.A., E.B., L.C., M.X., L.A., A.L.G., A.G., and N.B. may proceed in the case using their initials only and without providing their addresses, and the declarations supporting Plaintiffs' motion may be filed under seal.

It is further **ORDERED** that Defendants are prohibited from publicly disclosing the individual plaintiffs' identities or any personal identifying information that could lead to the identification of the plaintiffs by nonparties, except for the purposes of investigating the

allegations contained in the Complaint and for preparing an answer or other dispositive motion in response.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: August 21, 2019