# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

I.A. *et al.*,

    *Plaintiffs*,

v.

WILLIAM BARR *et al.*,

    *Defendants*.

Civil Action No. 19-2530 (TJK)

## MEMORANDUM OPINION AND ORDER

Plaintiffs in this action are thirteen individuals and one organization seeking to challenge the interim final rule "Asylum Eligibility and Procedural Modifications," 84 Fed. Reg. 33,829, issued on July 16, 2019, by the Attorney General and the Acting Secretary of Homeland Security. On August 21, 2019, the Court granted eight of those individual plaintiffs leave to proceed using pseudonyms. *See* ECF No. 2. On September 10, 2019, Plaintiffs amended their complaint, adding as plaintiffs five new individuals. Those individuals, each an asylum applicant or the minor child of an applicant currently in the United States, have moved for leave to proceed using pseudonyms on similar grounds. And they further request that the declarations they filed under seal in support of that motion remain sealed. Defendants do not oppose Plaintiffs' motion. For the reasons set forth below, the Court will grant it.

### I. Background

The new individual plaintiffs are five persons from three different countries seeking asylum in the United States. They are comprised of four adults and one minor, all of whom entered the United States at the southern border after July 16, 2019. Each individual, in an accompanying declaration filed under seal, represents that he or she is fleeing threats of severe violence or death, and they all state that they would fear for their own safety and that of their

families if their names were disclosed as a result of their participation in this lawsuit. Accordingly, Plaintiffs seek leave of Court for the new individual plaintiffs to proceed pseudonymously. And they further request that the individual plaintiffs' declarations describing in more detail the grounds for their request remain under seal. As already noted, Defendants do not oppose Plaintiffs' motion.

## II. Legal Standard

Generally, a complaint must state the names of the parties. *See* Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1); LCvR 11.1. The public's interest "in knowing the names of . . . litigants" is critical because "disclosing the parties' identities furthers openness of judicial proceedings." *Doe v. Pub. Citizen*, 749 F.3d 246, 273 (4th Cir. 2014); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) ("[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." (footnotes omitted)). The Federal Rules thus promote a "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings." *In re Sealed Case*, 931 F.3d 92, 96 (D.C. Cir. 2019) (internal citations omitted) (quoting *Wash. Legal Found. v. U.S. Sentencing Comm'n*, 89 F.3d 897, 899 (D.C. Cir. 1996)).

Nevertheless, courts have, in special circumstances, permitted a party to "proceed anonymously" when a court determines the need for "the plaintiff's anonymity" outweighs "the public interest in open proceedings" and considers the "fairness to the defendant." *Nat'l Ass'n of Waterfront Emp'rs v. Chao*, 587 F. Supp. 2d 90, 99 (D.D.C. 2008). The D.C. Circuit has instructed that "the appropriate way to determine whether a litigant may proceed anonymously is to balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure." *In re Sealed Case*, 931 F.3d at 96. When weighing those concerns, five factors,

initially drawn from *James v. Jacobson,* 6 F.3d 233, 238 (4th Cir. 1993), serve as "guideposts from which a court ought to begin its analysis." *In re Sealed Case*, 931 F.3d at 97. These five factors are:

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature; [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties; [3] the ages of the persons whose privacy interests are sought to be protected; [4] whether the action is against a governmental or private party; and, relatedly, [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* (citing *James*, 6 F.3d at 238). And when the individual in question is a minor, Federal Rule of Civil Procedure 5.2(a) provides that any filing presumptively may only include the minor's initials. *See also* LCvR 5.4(f)(2) ("If the involvement of a minor child must be mentioned, only the initials of that child should be used.").

Ultimately, whether to grant the "rare dispensation" of anonymity is within the discretion of the district court, provided that the court "inquire into the circumstances of [the] particular case[]." *United States v. Microsoft Corp.*, 56 F.3d 1448, 1464 (D.C. Cir. 1995) (quoting *James*, 6 F.3d at 238). This is not "a wooden exercise of ticking . . . boxes," but rather a case-specific approach that should "take into account other factors relevant to the particular" circumstances. *In re Sealed Case*, 931 F.3d at 97 (quoting *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 190 (2d Cir. 2008)).

The D.C. Circuit has also instructed that, as a general matter, courts are to apply an analogous set of factors when determining whether court filings should be sealed from public view. *See United States v. Hubbard*, 650 F.2d 293, 317–22 (D.C. Cir. 1980). Those include: (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that

3

person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

## III. Analysis

Upon consideration of Plaintiffs' motion and the supporting declarations, the Court finds that they have met their burden of showing that their privacy interests outweigh the public's presumptive and substantial interest in knowing the details of this litigation. Furthermore, the Court concludes that the declarations submitted in support of Plaintiffs' motion should remain under seal.

The new individual plaintiffs maintain that the facts underlying their claims involve "sensitive and highly personal" information, such that their names should not be exposed to the public. ECF No. 24 ("Pl.'s Mot.") at 1 (quoting *Chao*, 587 F. Supp. 2d at 99). Furthermore, they explain that their identities are particularly sensitive because they "face a significant risk of persecution—including possible physical harm or death—if their identities are publicly revealed through this lawsuit." *Id.* at 3.

As described in her declaration, Plaintiff C.S. is a transgender woman who fled her home country of El Salvador after she was repeatedly attacked and threatened with rape or death on account of her status and community activism. She fears for both her own safety and that of her daughter in El Salvador if her identity is revealed. *See* ECF No. 24-1.

Plaintiff Y.D. describes fleeing his home country of Cuba after he was arrested and detained on multiple occasions for protesting against the government. He states that some of his acquaintances were allegedly beaten while detained, and he fears that he too would be arrested and beaten if his participation in this lawsuit were revealed and he were returned to Cuba. He

also fears that his wife and child, who remain in Cuba, would be targeted by the government if his identity were revealed. *See* ECF No. 24-2.

Plaintiff D.C. describes leaving his home country of Honduras after he was repeatedly targeted and chased by members of gangs he used to investigate and testify against when he worked in the government's gang investigation unit. He states that two of his former colleagues were murdered by gang members. And he fears that if his identity, location, and participation in this lawsuit were revealed, he and his family would be at risk of harm. *See* ECF No. 24-3.

Lastly, Plaintiff P.P. describes fleeing her home country of Honduras with her minor son, Plaintiff A.C., after P.P.'s partner and A.C.'s father was murdered by a rival family. She states that the family had killed other members of her partner's family and that they had threatened to eliminate the entire family. She fears that she and, in particular, her son, who shares his father's last name and who resembles him, would be at risk of harm if their identities and whereabouts were made public. *See* ECF No. 24-4.

These allegations are sensitive and highly personal in nature, and identifying the individuals making them could place them and their families at risk of further harm. The public's interest in judicial transparency, though substantial, is outweighed by the acute privacy interests and safety concerns implicated here. Moreover, Defendants do not oppose Plaintiffs' requests, and because the identities of the individual plaintiffs and the factual allegations underlying their claims for asylum are already known to the government in connection with their asylum applications and immigration proceedings, *see* Pls.' Mot. at 6–7, there is little risk of prejudice to Defendants in allowing the new individual plaintiffs to proceed pseudonymously. Finally, as the Court noted, the minor plaintiff, A.C., is to presumptively remain anonymous under the applicable federal and local rules in any event.

For similar reasons, the Court finds that the accompanying declarations should remain under seal as well. Submitted for the purpose of supporting Plaintiffs' motion to proceed anonymously, they recount intimate details of each individual plaintiff's experience, including details of physical and sexual violence. Making the declarations publicly available could, as noted, subject the plaintiffs and their families to a risk of harm. The public's interest in accessing these declarations, which have never been accessible, does not outweigh those considerations. And importantly, Defendants have not objected to placing the declarations under seal. For these reasons, the Court concludes that, on balance, the applicable factors weigh in favor of allowing these declarations to be filed under seal.

## IV. Conclusion and Order

For the foregoing reasons, it is hereby **ORDERED** that Plaintiffs' Unopposed Motion for Leave to Proceed Under Pseudonyms and to File Supporting Exhibits Under Seal is **GRANTED**. Plaintiffs C.S., Y.D., D.C., P.P., and A.C. may proceed in the case using their initials only, and the declarations supporting Plaintiffs' motion shall remain under seal.

It is further **ORDERED** that Defendants are prohibited from publicly disclosing the new individual plaintiffs' identities or any personal identifying information that could lead to the identification of the plaintiffs by nonparties, except for the purposes of investigating the allegations contained in the Complaint and for preparing an answer or other dispositive motion in response.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: September 11, 2019